**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James J. RUMLER, Defendant– Appellant.**

**No. 01–1289.**

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2001.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

Pro se federal prisoner James J. Rumler appeals a district court order that denied a nonspecific motion for reconsideration and a motion to correct clerical mistake that was filed with citation to Fed.R.Crim.P. 36. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2000, Rumler filed his third in a series of Fed.R.Crim.P. 35(a) motions. He challenged a completed, pre-guidelines, seven-year sentence for conspiracy to import marijuana. *See United States v. Rumler,* No. 89–1341, 1990 WL 9864 (6th Cir. Feb.8, 1990). Rumler claimed that, under the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), his former sentence was illegal.

The district court denied relief. Rumler filed post-judgment motions in which he sought reconsideration and correction of this judgment. The district court denied reconsideration, concluding that Rumler had merely reasserted the claims that had been denied on the merits. The court denied relief under Fed.R.Crim.P. 36, concluding that the rule was inapplicable because Rumler did not seek to correct a clerical mistake.

On appeal, Rumler asserts the merits of his *Apprendi* claim.

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The district court did not err in denying Rumler's motion for reconsideration or his motion styled as a Fed.R.Crim.P. 36 motion. The motion was not authorized, and *Apprendi* has not been designated by the Supreme Court as a decision to be retroactively applied, *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 50 L.Ed.2d 632 (2001), even if relief is sought through an authorized motion.

Accordingly, we affirm the district court's judgment for the reasons stated by that court in its order entered on February 9, 2001. Rule 34(j)(2)(C), Rules of the Sixth Circuit.